IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARRELL L JACKSON,

    Plaintiff,

v.                                      CASE NO. 5:11-cv-368-RS-GRJ

R.K. CUTCHINS, et al.,

    Defendants.

_____/

## ORDER GRANTING LEAVE TO PROCEED AS A PAUPER
## AND REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C § 1983 ("complaint") and Doc. 2, Plaintiff's motion for leave to proceed as a pauper. This case is also before the Court for screening pursuant to 28 U.S.C § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2). For the reasons discussed below, it is **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

Plaintiff's motion to proceed as a pauper (Doc. 2) is **GRANTED** to the extent that the case may proceed without the prepayment of the entire filing fee. Because Plaintiff has insufficient funds, the Court will not require Plaintiff to pay an initial partial filing fee as provided in 28 U.S.C § 1915(b)(1)(A). However, Plaintiff is hereby assessed the total $350.00 filing fee in this case. As funds become available in Plaintiff's prison account,

he shall be required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account. Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00. These payments shall continue until the filing fee of $350.00 is paid in full. Accordingly, the **Clerk** shall mail a copy of this Order to: Inmate Accounts, Everglades Correctional Institution, 1599 S.W. 187th Ave., Miami, FL 33194. A check from a penal institution, a cashier's check, or a money order should be made payable to "Clerk, U.S. District Court." The following information shall either be included on the face of the payment or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number (591746) and, (3) Northern District Florida Case Number 5:11-cv-368-RS-GRJ. Checks or money orders which do not have this information will be returned.

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him/her lapses in its duty to make payments on his/her behalf. For this reason, if Plaintiff is transferred to another jail or institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff is advised to retain a copy of this Order for this purpose.

### Plaintiff's Allegations

Plaintiff's claims stem from a June 23, 2009 prison disciplinary conviction at the Northwest Florida Reception Center. Plaintiff alleges he was denied due process because one of the officers who conducted the disciplinary proceeding was also

involved in the underlying incident that resulted in Plaintiff's charge of refusing to work. Plaintiff states that he was sanctioned with the loss of gain time and 300 days[1] of disciplinary confinement. Plaintiff has named as defendants the two officers who conducted the disciplinary hearing and is suing them in their individual capacities. Plaintiff seeks compensatory and punitive damages. (Doc. 1.)

### **Heck v. Humphrey**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted).

The Supreme Court has applied *Heck* to prisoners' claims challenging prison disciplinary actions, even when the prisoner does not explicitly seek reinstatement of

---

[1] The Court notes that in Case No. 5:09-cv-338-RH-CJK, which involves some of the same issues as the instant case, prison records indicate that Plaintiff lost 18 days of gain time and was sentenced to 60 days in disciplinary confinement. (Doc. 65, Exh. B.) U.S. Magistrate Judge Charles J. Kahn, Jr. has recommended dismissal of that case for abuse of the judicial process because Plaintiff failed to fully disclose his litigation history. Plaintiff attempted to challenge the validity of his June 23, 2009 disciplinary conviction in that case, but the claims were dismissed without prejudice as barred by *Heck*. (Docs. 50, 55.)

lost good-time credits. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (holding that *Heck* bars a prisoner's complaint that "would, if established, imply the invalidity of the deprivation of his good-time credits"). *Heck* is not categorically applicable to all suits challenging prison disciplinary actions. *Muhammad v. Close*, 540 U.S. 749, 754 (2004). But if good-time credits have been eliminated, a prisoner's § 1983 suit challenging a disciplinary action may be construed as seeking a judgment at odds with his conviction or with the state's calculation of time that he must serve for the underlying sentence. *See id.* at 754–55 (stating that where the magistrate judge expressly found or assumed that no good-time credits were eliminated by the challenged prison action, the prisoner's § 1983 suit could not be construed as seeking a judgment at odds with his conviction or sentence).

In this case, Plaintiff's due process claims clearly stray into *Heck* waters, because Plaintiff's contention that the disciplinary conviction violated due process necessarily implies the invalidity of the disciplinary conviction. Absent expungement or invalidation of that disciplinary action, Plaintiff's claims are barred by *Heck*. Plaintiff has indicated in his Complaint that he filed suit in the state trial court on the grounds that disciplinary conviction violated due process. The state suit was dismissed on May 31, 2011 for failure to timely exhaust administrative remedies. An appeal of that is decision is pending the in the First District Court of Appeal. (Doc. 1.) Accordingly, because Plaintiff is implying the invalidity of his disciplinary conviction in the absence of expungement or invalidation of that conviction, his claims are barred by *Heck.*

## Conclusion

For the foregoing reasons, the Court concludes that the complaint fails to state a

claim upon which relief may be granted because it is barred by *Heck.*

Accordingly, upon due consideration, it is:

1. **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, Doc. 2, is **GRANTED.**

2. Respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Such dismissal should be without prejudice to Plaintiff re-filing the claims in the event that his disciplinary conviction is expunged or invalidated.[2]

**IN CHAMBERS** this 23rd day of November 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] Plaintiff is advised that should the instant recommendation that his suit be dismissed for failure to state a claim and the recommendation pending in Case No. 5:09-cv-338-RH-CJK that his suit be dismissed as malicious be adopted, they will count as two "strikes" under the three-strikes bar of 28 U.S.C. § 1915(g). This provision provides that if a prisoner has three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, he is prohibited from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A prisoner who is no longer entitled to proceed in forma pauperis must pay the full filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).